# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELODIE CHUCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant, | § | |
| | § | |

## DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S
## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Carrington Mortgage Services, LLC ("*Carrington Mortgage*") removes this action from the District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, and as grounds for removal state as follows:

### I. STATE COURT ACTION

**1.** On January 31, 2022, Melodie Chuck ("*Plaintiff*") filed *Plaintiff's Original Petition* ("*Petition*") in the District Court of Bexar County, Texas, initiating Cause No. 2022-CI-01622, styled *Melodie Chuck v. Carrington Mortgage Services, LLC* ("*State Court Action*").

**2.** Plaintiff brought suit related to real property located at 24210 Invitation Oak, San Antonio, Texas 78261 ("*Property*"). *See* Petition pg. 1. Specifically, Plaintiff brought a claim for common law fraud and an injunction preventing a foreclosure sale of the Property. *See id.* at p. 2-3.

**3.** With this Notice of Removal, Defendant hereby removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

**4.** This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d), 1441(a-b), 1446(a).

**5.** This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based." 28 U.S.C. § 1446(b).

**6.** Pursuant to 28 U.S.C. § 1446(a), at the time of this removal, Plaintiff is filing an Index of State Court Records containing a true and correct copy of the entire file from the State Court Action.

**7.** Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Defendant is simultaneously (**a**) serving Plaintiff with a copy of this Notice of Removal, and (**b**) filing a copy of the Notice of Removal in the District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit A**.[1]

## III. DIVERSITY JURISDICTION

**8.** The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

**9.** Plaintiff is domiciled in Texas. *See* Petition, pg. 1.

---

[1] Defendant has not included Exhibit 1 to the Notice of Removal filed in the State Court Action because Exhibit 1 is a copy of this Notice of Removal.

**10.** Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person. The natural person is not a citizen of the state of Texas. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are not citizens of the state of Texas.

**11.** Because Plaintiff is a citizen of Texas and Defendant is not, complete diversity exists among the parties.

**B. Amount in controversy**

**12.** The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000.00 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000.00

requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

13. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin.*, LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14. Plaintiff seeks injunctive relief preventing Defendant from foreclosing on the Property. *See* Petition. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F. 3d at 1252-53 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D.Miss.1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

15. If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

**16.** Accordingly, because Plaintiff is seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See, e.g., Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland v. U.S. Bank Nat. Ass'n,* 485 Fed. App'x 8 (5th Cir.2012)).

**17.** According to the Bexar County Tax Assessor Office, the current value of the property is $279,490.[2] Thus, the value of the Property satisfies the amount in controversy requirement. A true and correct copy of the 2022 Bexar County Tax Assessor Office tax balance is attached hereto as **Exhibit B**.

**18.** Because there is complete diversity between the parties and the amount in controversy, of $279,490.00 plus alleged damages from Plaintiff's non-injunctive claims, exceeds the $75,000.00 requirement, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

**19.** The undersigned attorney is lead counsel of record for Defendant.

**20.** Counsel of record for Plaintiff in the State Court Action is:

Ramon S. Rodriguez, Jr.
Texas Bar No. 17148360
Email: rsrjr04@hotmail.com
Rodriguez & Garza, PLLC
247 W. Olmos Dr., Suite 200
San Antonio, TX 78212
Tel: (210) 281-0248
Fax: (210) 549-2556
*Attorney for Plaintiff*

---

[2] Defendant does not contend that the appraisal reflected by the Bexar County Tax Assessor Office constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

## VI. RESERVATION OF RIGHTS

**21.** In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## VII. REMOVAL

WHEREFORE, Defendant Carrington Mortgage removes this action from the District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas so that this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

By: */s/ Jacob Sparks*
    **JACOB SPARKS**
    Texas Bar No. 24066126
    Email: JSparks@SpencerFane.com

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:   (214) 750-3624
Fax:   (214) 750-3612

*Attorney for Defendant Carrington Mortgage Services, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, I served this Notice of Removal on the following in compliance with the Federal Rules of Civil Procedure:

Ramon S. Rodriguez, Jr.
Texas Bar No. 17148360
Email: rsrjr04@hotmail.com
Rodriguez & Garza, PLLC
247 W. Olmos Dr., Suite 200
San Antonio, TX 78212
Tel: (210) 281-0248
Fax: (210) 549-2556

By: */s/ Jacob Sparks*
**JACOB SPARKS**